RAFAEL BURGOS-MACÍAS, Plaintiff and Appellee, *v.* JULIO ESTEVES, Defendant and Appellant.

No. 4317. Argued March 30, 1928.—Decided June 22, 1928.

*Antonio L. López* and *Lucien Longchamps* for the appellant. *R. Muñoz Ramos* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Rafael Burgos petitioned the District Court of Humacao for a writ of injunction directed against Julio Esteves. Considering the petition sufficient, the court set a day for the

defendant to appear and show cause why a permanent injunction should not be issued against him and, requiring security to be given in the sum of five hundred dollars, ordered the defendant to abstain from continuing to commit the acts complained of by the plaintiff. The security was given and approved by the court.

Both parties appeared on the day set. A motion of the defendant attacking the sufficiency of the undertaking was first discussed and sustained by the court, "dissolving the preliminary injunction issued." Then "by stipulation of the parties the merits of the case were gone into" by examination of the evidence offered by them. Some time later the court rendered judgment denying the petition. After the judgment had become final the defendant filed his memorandum of costs amounting to $260 and it was approved after the legal requisites had been complied with. The item for attorney's fees amounted to $250. A writ for the execution of the memorandum was issued and the marshal returned it with the endorsement that the plaintiff had no property.

Then the defendant moved that in accordance with the provisions of sections 307 to 312 of the Code of Civil Procedure, of Act No. 27 of April 13, 1916, and with the jurisprudence laid down in *Arbona Bros.* v. *H. V. Christianson & Co.*, 26 P.R.R. 250, the court order citation of the sureties to show cause why they should not be adjudged to pay the costs. The court ruled that as the security had been set aside, the motion for citation of the sureties should be overruled. The present appeal was taken from that order of the court.

We agree entirely with the appellant that costs including attorney's fees may be recovered as a part of the damages caused by the erroneous issuance of a writ of injunction and the action may be brought against the petitioner and his sureties, as held by this court in *Moreno* v. *Martínez,* 14 P.R.R. 371; *Quiñones* v. *American Railroad Company of Porto Rico,* 17 P.R.R. 252, and *Heirs of Jiménez* v. *Cruz,* 31 P.R.R. 242, but here the situation is different. In the present

case the security was given for the sole purpose of securing the damages that might result from the preliminary writ of injunction. It was objected to by the defendant. The objection was sustained and, according to the very words of the court, the preliminary injunction issued was annulled, the parties agreeing that the proceeding should continue until a decision was rendered on the merits of the pleadings and the evidence, and this was done.

Even supposing that notwithstanding the declaration of the insufficiency of the security given the sureties could be made liable, that liability would be limited to the damages caused exclusively by the preliminary injunction. The costs claimed here are those of the whole proceeding and in this respect we quote from the jurisprudence as epitomized in Ruling Case Law and transcribed in *Heirs of Jiménez* v. *Cruz et al.*, 31 P.R.R. 242, cited by the appellant:

" 'The fees recoverable are generally limited to those necessary in procuring a dissolution of the injunction, services rendered in making a general defense on the merits being excluded, as are also fees for services rendered in an unsuccessful attempt to dissolve an injunction. Therefore, if a defendant, instead of attempting to remove the preliminary injunction, seeks rather to prevent the issuing of a permanent injunction, or directs his efforts to defeating the action of the plaintiff, the expense of counsel fees incurred is an incident of the suit, and is not recoverable as damages sustained by reason of the injunction.' "

The appeal is dismissed and the judgment appealed from affirmed.